UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------ x
*In re:*                                                    :
                                                    :   Chapter 11

**TIDEWATER INC.,** *et al.*,                  :
                                                    :   Case No. 17– 11132 (BLS)
                                                    :
                     Debtors.[1]                    :   (Jointly Administered)
                                                      Re: Docket Nos. 14, 124, 129 & ____
                                                    :
------------------------------------------------------------ x

## CONSENT ORDER ESTABLISHING
## SCHEDULE FOR DISCOVERY AND DETERMINATION OF
## DEBTORS' OBJECTIONS TO LESSORS' DAMAGES CLAIMS

Tidewater Inc. and its affiliated debtors (collectively, the "**Debtors**") on the one hand, and Regions Commercial Equipment Finance, LLC; PNC Equipment Finance, LLC; Fifth Third Equipment Finance Company; Banc of America Leasing & Capital, L.L.C.; Mass Mutual Asset Finance LLC; and BBVA Compass Financial Corporation on the other hand (collectively, the "**Lessors**"), have reached an agreement regarding the schedule for discovery in connection with the Debtors' objections to the Lessors' anticipated claims for damages arising from the rejection and/or termination of the Leases (the "**Damages Claims**"). Based upon the consent of the Debtors and the Lessors and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Tidewater Inc. (7776), Tidewater Marine Western, Inc. (1064), Tidewater Corporate Services, L.L.C. (7776), Tidewater Marine, L.L.C. (7779), Cajun Acquisitions, LLC (2365), Gulf Fleet Supply Vessels, L.L.C. (2194), Hilliard Oil & Gas, Inc. (4727), Java Boat Corporation (0278), Pan Marine International Dutch Holdings, L.L.C., Point Marine, L.L.C. (9586), Quality Shipyards, L.L.C. (2335), S.O.P., Inc. (3464), Tidewater Marine Alaska, Inc. (7549), Tidewater Marine International Dutch Holdings, L.L.C. (2289), Tidewater Marine Sakhalin, L.L.C. (7779), Tidewater Mexico Holding, L.L.C. (8248), Tidewater Venture, Inc. (7694), Twenty Grand (Brazil), L.L.C. (7730), Twenty Grand Marine Service, L.L.C. (7730), Zapata Gulf Marine, L.L.C. (5513), Tidewater GOM, Inc. (2799), Tidewater Subsea, L.L.C. (2022), Tidewater Subsea ROV, L.L.C. (3832), Tidewater Marine Fleet, L.L.C., Tidewater Marine Hulls, L.L.C., Tidewater Marine Ships, L.L.C., and Tidewater Marine Vessels, L.L.C. The Debtors' principal offices are located at 601 Poydras Street, Suite 1500, New Orleans, Louisiana 70130.

1.      In accordance with the stipulation on the record of May 19, 2017 by counsel for the Debtors, the Lessors are not required to file Proofs of Claim with respect to their Damages Claims. The fact that Lessors do not file Proofs of Claim shall not alter the respective burdens of proof as to any claim or defense, and for purposes of determining which party has the burden of proof on any issue, the Lessors shall be treated as having filed Proofs of Claim.

2.      The Lessors shall have until June 12, 2017, to submit initial written discovery requests, including interrogatories, requests for production, and requests for admission, to the Debtors related to the Damages Claims. To the extent Debtors or Lessors intend to serve additional written discovery requests, all written discovery requests related to the Damages Claims shall be served by no later than July 7, 2017, and, except as provided for in Paragraph 3 of this Order, responses to such discovery shall be provided in accordance with the Federal Rules of Civil Procedure.

3.      The Debtors shall respond to Lessor's initial written discovery requests by June 26, 2017 and will commence the rolling production of documents by June 26, 2017 with such production to be completed by July 7, 2017. This deadline does not relieve the Debtors from the obligation to supplement their responses to written discovery requests and document production as necessary and in a timely manner after June 26, 2017.

4.      The Lessors shall submit any responses in support of the Damages Claims by July 14, 2017.

5.      Subject to the entry of a protective order or other agreement among the Debtors, the Lessors, counsel for the unofficial committee of certain unaffiliated holders of Notes Claims (as defined in the Prepackaged Plan[2]) (the "**Unofficial Noteholder Committee**")

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Stipulation Among the Debtors and Lessors Related to Sale Leaseback Agreements* [D.I. 129, Ex. 1].

and counsel for the Administrative Agent for the Tidewater Lenders (as defined in the Prepackaged Plan) (the "**Bank Lender Steering Committee**"), on or prior to the Effective Date (as defined in the Prepackaged Plan) any party submitting written discovery requests or responses pursuant to this Order shall provide electronic copies to counsel for the (i) Unofficial Noteholder Committee and (ii) Bank Lender Steering Committee within one (1) business day of submitting such requests or responses to another party.

6. The Debtors shall file any reply in support of their objections to the Damages Claims by July 21, 2017.

7. The Lessors shall have until August 11, 2017, to complete the depositions (the "**Depositions**") of any witnesses or corporate representatives, with a maximum number of six (6) Depositions for each Lessor. On or prior to the Effective Date, counsel for the Unofficial Noteholder Committee and the Bank Lender Steering Committee may attend, but shall not participate in, the Depositions. The Lessors and the Debtors shall cooperate with regard to the scheduling and taking of Depositions and the Lessors shall take reasonable steps to avoid duplicative Depositions.

8. In addition to the foregoing, the Lessors may conduct any third-party discovery they deem reasonably necessary regarding the Damages Claims; *provided that* all discovery in this matter shall be completed no later than August 11, 2017.

9. Any dispute with regard to discovery conducted under this Order that cannot be resolved in good faith consultation between the parties, the parties shall inform the Court of such dispute by a joint call and request a hearing regarding the same. If requested by the Court, the dispute shall be presented to the Court by a letter from the party seeking relief filed with the Court at least three (3) business days prior to the hearing date or as otherwise

RLF1 17699067V.1

ordered by the Court, with copies submitted to the Lessors, the Debtors and, on or prior to the Effective Date, counsel to the Unofficial Noteholder Committee and the Bank Lender Steering Committee copied. Unless otherwise agreed to by the disputing party or ordered by the Court, any responses to such letter shall be made by letter to the Court delivered within two (2) business days after the filing of the initial letter submission with copies submitted to the Lessors, the Debtors and, on or prior to the Effective Date, to counsel to the Unofficial Noteholder Committee and the Bank Lender Steering Committee.

10. On or before August 23, 2017, the Debtors and the Lessors may submit pre-hearing briefs summarizing their respective positions regarding the Damages Claims. No responses or replies to the pre-hearing briefs shall be permitted, except as ordered by the Court.

11. The Lessors and the Debtors shall meet and confer (the "**Meet and Confer**") either in person or by telephone on or before August 23, 2017 to discuss stipulations, exhibits, witnesses, and proffers to streamline the trial on the Damages Claims. If the Meet and Confer is held on or prior to the Effective Date, counsel to the Unofficial Noteholder Committee and the Bank Lender Steering Committee may participate.

12. The Court will conduct a hearing on the final allowance of the Damages Claims beginning on August 30, 2017. With respect to Damages Claims as to Later-Rejected Leases, the Court shall determine the stipulated loss value element with respect to such Damages Claims at the August 30, 2017 hearing and will determine any other elements of such Damages Claims at a later hearing.

Dated: June 13, 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE