**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TIDEWATER INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11132 (BLS)<br>(Jointly Administered) |

**LIMITED OBJECTION OF BBVA COMPASS FINANCIAL CORPORATION TO CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF TIDEWATER INC. AND ITS AFFILIATED DEBTORS**

BBVA Compass Financial Corporation ("BBVA"), an unsecured creditor herein, by and through its undersigned counsel, respectfully files this limited objection to the Joint Prepackaged Chapter 11 Plan of Reorganization of Tidewater Inc. and Its Affiliated Debtors [Doc. No. 16] (the "Plan"), filed by the debtors in these cases (the "Debtors").

## INTRODUCTION

1.  As recognized by the Debtors previously in these cases, BBVA is the holder of Sale Leaseback Claims under the Plan. *See* Debtors' Lease Rejection Motion[2] [Doc. No. 14] at ¶ 16, *passim*; *see also* Plan at ¶ 1.12 and 1.13. The Sale Leaseback Claims shall be determined by the Court after a hearing scheduled currently for August 30, 2017, and the Debtors have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Tidewater Inc. (7776), Tidewater Marine Western, Inc. (1064), Tidewater Corporate Services, L.L.C. (7776), Tidewater Marine, L.L.C. (7779), Cajun Acquisitions, LLC (2365), Gulf Fleet Supply Vessels, L.L.C. (2194), Hilliard Oil & Gas, Inc. (4727), Java Boat Corporation (0278), Pan Marine International Dutch Holdings, L.L.C., Point Marine, L.L.C. (9586), Quality Shipyards, L.L.C. (2335), S.O.P., Inc. (3464), Tidewater Marine Alaska, Inc. (7549), Tidewater Marine International Dutch Holdings, L.L.C. (2289), Tidewater Marine Sakhalin, L.L.C. (7779), Tidewater Mexico Holding, L.L.C. (8248), Tidewater Venture, Inc. (7694), Twenty Grand (Brazil), L.L.C. (7730), Twenty Grand Marine Service, L.L.C. (7730), Zapata Gulf Marine, L.L.C. (5513), Tidewater GOM, Inc. (2799), Tidewater Subsea, L.L.C. (2022), Tidewater Subsea ROV, L.L.C. (3832), Tidewater Marine Fleet, L.L.C., Tidewater Marine Hulls, L.L.C., Tidewater Marine Ships, L.L.C., and Tidewater Marine.L.C. The Debtors' principal offices are located at 601 Poydras Street, Suite 1500, New Orleans, Louisiana 70130.

[2] Debtors' First Omnibus Motion Pursuant to 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 3007, 3018, 6004 and 6006 for Entry of Interim and Final Orders (1) Authorizing Rejection of Leases; (II) Temporarily Allowing Damages Claims for Voting and Reserve Purposes Only; (III) Setting Briefing Schedule Relating Thereto; (IV) Objection to Final Allowance of Damage Claims; and (V) Granting Related Relief (the "Lease Rejection Motion").

proposed that such claims be treated as General Unsecured Claims under the Plan.  *See* Docs. No. 14, 129 and 217; Plan at ¶¶ 4.3, 1.12 and 1.13.

2. In addition to the Sale Leaseback Claims it holds based on the charters with two of the Debtors[3], BBVA also holds other Claims against Tidewater Inc. based on two separate agreements pursuant to which it guaranteed the obligations of the Sale Leaseback Agreements. *See* Lease Rejection Motion at ¶ 16 ("All Lease Obligations are guaranteed by Debtor Tidewater Inc.").

3. The Plan contains various provisions regarding and affecting the Debtors' and the Reorganized Debtors' rights with respect to: Unimpaired Claims (§ 3.4); initial cap cancellation of Existing Securities and Agreements (§ 5.4); interest on claims (§ 6.7); setoffs and recoupment (§ 6.17); disputed claims procedures (Art. VII); and the effect of confirmation of the Plan (Art. X) (such as vesting of assets (§ 10.1); injunction (§ 10.5) and releases (§ 10.6)).

4. Missing from both the Plan and the Disclosure Statement[4], however, is any clear statement that nothing in the Plan (such as the provisions cited in paragraph 3 above) is intended to, or will, interfere or affect in any way the Claims of BBVA has or may have herein, including, without limitation, determination, liquidation, classification and enforcement under the Plan of the Claims BBVA has against Tidewater Inc. under guarantee agreements.

5. Pursuant to the guarantees, Tidewater Inc. "unconditionally and irrevocably guarantees to the Owner, as primary obligor and not merely as surety" the obligations of the lessee Debtors under the Charters.  Further, Tidewater Inc.'s obligations under the guarantees "are independent of the Obligations [of the lessees under the Charters] and … shall be absolute and unconditional irrespective of: (1) any lack of validity or enforceability of the Charter or any

---

[3] The lessee Debtors under the Charters are Twenty Grand Marine Service, L.L.C. and Point Marine, L.L.C.
[4] Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of Tidewater Inc. and its Affiliated Debtors [Doc. No. 17] (the "<u>Disclosure Statement</u>").

term thereof ….." As a result, BBVA Compass has unsecured claims against Tidewater Inc. under the guarantees separate from the claims against the lessee Debtors under the Charters.

6.  BBVA assumes that nothing in the Plan, other related documents, or otherwise, will affect BBVA's rights to pursue unimpeded, after confirmation of the Plan, the pending litigation over the Sale Leaseback Claims and to assert and have classified the guarantee claims against Tidewater Inc.

## RELIEF REQUESTED

7.  In order to confirm that understanding, BBVA requests that the Court include in the Conformation Order the following provision.

> Notwithstanding anything to the contrary contained in the Plan, other related documents, the Confirmation Order, any other Order of the Bankruptcy Court, or otherwise, nothing therein shall affect the claims, counterclaims, rights, and causes of action of any nature whatsoever of BBVA Compass Financial Corporation ("BBVA"), including, without limitation, all rights in respect of legal and equitable claims, against the Debtors or the Reorganized Debtors, or any of them, and nothing in the Plan, other related documents, the Confirmation Order, any other Order of the Bankruptcy Court, or otherwise, shall affect in any way the determination and liquidation of the Sale Leaseback Claims and the guarantee Claims against Tidewater Inc. which BBVA holds or may hold, all of which Claims shall be determined, liquidated and classified in proceedings under the Sale Leaseback Motion.

8.  To the extent that BBVA's understanding is incorrect, or should the provision set forth in the immediately preceding paragraph not be included in the Confirmation Order, then BBVA objects to the provisions of the Plan including, without limitation, those specified in paragraph 3 above, that interfere, contradict or otherwise affect in any way the claims, defenses and counterclaims of BBVA against the Debtors and the rights to have the Sale Leaseback

1900959.1

Agreements and the Tidewater Inc. guarantee claims determined and classified and Liquidated in proceedings under the Lease Rejection Motion.

9. Furthermore, BBVA objects and does not consent to the releases provided for in § 10.6 of the Plan.

10. All of the provisions specified in paragraph 3 above, and the releases, are inconsistent with the Lease Rejection Motion proceedings, as contemplated by ¶ 4.3 of the Plan, and with the determination, liquidation and classification of guarantee claims against Tidewater Inc., rendering the Plan internally inconsistent and unconfirmable under § 1129(a) of the Bankruptcy Code.

11. Therefore, unless both (a) the reservation language specified in paragraph 7 above is included in the Confirmation Order and (b) BBVA's objection to the releases is sustained, the Plan may not be confirmed.

**WHEREFORE**, for all of the foregoing reasons, BBVA Compass Financial Corporation respectfully requests this Honorable Court: (a) to include in the Confirmation Order the provision set forth in paragraph 7 above or, alternatively, to deny confirmation of the Plan; (b) to sustain BBVA's objection to the releases in § 10.6 of the Plan; and (c) to grant to BBVA such other and additional relief to which it may be entitled in the premises.

Dated:  June 22, 2017
Wilmington, DE

Respectfully submitted,

REED SMITH LLP

By: /s/ Emily K. Devan
Kurt F. Gwynne (No. 3951)
Emily K. Devan (No. 6104)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Phone:  (302) 778-7500
Facsimile:  (302) 778-7575
kgwynne@reedsmith.com
edevan@reedsmith.com

1900959.1

- 5 -

-and-

Richard A. Aguilar (La. Bar No. 17439)
Rudy J. Cerone (La. Bar No. 14137)
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Phone: (504) 596-2884
Facsimile: (504) 910-8371
raguilar@mcglinchey.com
rcerone@mcglinchey.com

Counsel to LEEVAC Shipyards Jennings, LLC

1900959.1