**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>TIDEWATER INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11132 (BLS)<br>(Jointly Administered) |

**LIMITED OBJECTION OF LEEVAC SHIPYARDS JENNINGS, LLC TO CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF TIDEWATER INC. AND ITS AFFILIATED DEBTORS**

LEEVAC Shipyards Jennings, LLC ("LEEVAC"), a general unsecured and secured creditor herein, by and through its undersigned counsel, respectfully files this limited objection to the Joint Prepackaged Chapter 11 Plan of Reorganization of Tidewater Inc. and Its Affiliated Debtors [Doc. No. 16] (the "Plan"), filed by the debtors in these cases (the "Debtors").

**INTRODUCTION**

1. As recognized by the Debtors previously in these cases, LEEVAC is the holder of an Other General Unsecured Claim under the Plan. *See* Certification of Counsel Regarding Order Approving Modification of Automatic Stay to Allow LEEVAC Arbitration to Proceed [Doc. No. 140] (the "Certification of Counsel") at ¶ 6; *see also* Plan at ¶ 1.74. The Plan provides that Other General Unsecured Claims shall be Unimpaired under Bankruptcy Code § 1124. *See* Plan at ¶¶ 4.4 and 1.31.[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Tidewater Inc. (7776), Tidewater Marine Western, Inc. (1064), Tidewater Corporate Services, L.L.C. (7776), Tidewater Marine, L.L.C. (7779), Cajun Acquisitions, LLC (2365), Gulf Fleet Supply Vessels, L.L.C. (2194), Hilliard Oil & Gas, Inc. (4727), Java Boat Corporation (0278), Pan Marine International Dutch Holdings, L.L.C., Point Marine, L.L.C. (9586), Quality Shipyards, L.L.C. (2335), S.O.P., Inc. (3464), Tidewater Marine Alaska, Inc. (7549), Tidewater Marine International Dutch Holdings, L.L.C. (2289), Tidewater Marine Sakhalin, L.L.C. (7779), Tidewater Mexico Holding, L.L.C. (8248), Tidewater Venture, Inc. (7694), Twenty Grand (Brazil), L.L.C. (7730), Twenty Grand Marine Service, L.L.C. (7730), Zapata Gulf Marine, L.L.C. (5513), Tidewater GOM, Inc. (2799), Tidewater Subsea, L.L.C. (2022), Tidewater Subsea ROV, L.L.C. (3832), Tidewater Marine Fleet, L.L.C., Tidewater Marine Hulls, L.L.C., Tidewater Marine Ships, L.L.C., and Tidewater Marine.L.C. The Debtors' principal offices are located at 601 Poydras Street, Suite 1500, New Orleans, Louisiana 70130.

[2] As noted below, LEEVAC has asserted affirmative defenses and counterclaims in the arbitration proceeding which assert rights of setoff, recoupment, liens and security interests in favor of LEEVAC. Accordingly, LEEVAC also is

2.      The Plan also contains various provisions regarding and affecting the Debtors' and the Reorganized Debtors' rights with respect to: Unimpaired Claims (§ 3.4); initial cap cancellation of Existing Securities and Agreements (§ 5.4); interest on claims (§ 6.7); setoffs and recoupment (§ 6.17); disputed claims procedures (Art. VII); and the effect of confirmation of the Plan (Art. X) (such as vesting of assets (§ 10.1); injunction (§ 10.5) and releases (§ 10.6)).

3.      Missing from both the Plan and the Disclosure Statement[3], however, is any mention of the arbitration proceeding currently pending in New Orleans, Louisiana under the Rules of the Houston Maritime Arbitrators Association which is captioned *Tidewater Marine, LLC v. LEEVAC Shipyards Jennings, LLC* (the "LEEVAC Arbitration").  *See* Certification of Counsel.

4.      Pursuant to a prior Order of this Court [Doc. No. 141], the automatic stay was modified to allow the LEEVAC Arbitration to proceed in the ordinary course.  In that Arbitration, LEEVAC has asserted various defenses and counterclaims, as well as a claim to funds held in escrow.  *See* Affirmative Defenses, Statement of Defense and Conditions attached hereto as Exhibit A.

5.      LEEVAC assumes that, because its Secured Claim and its Other General Unsecured Claims are Unimpaired, nothing in the Plan (such as the provisions cited in paragraph 2 above) is intended to, or will, interfere or affect in any way the claims, defenses, counterclaims, claim of setoff and recoupment, or claims to certain escrow proceeds at issue in the LEEVAC Arbitration and the rights to enforce any award rendered therein to LEEVAC

---

a secured creditor herein with an Unimpaired Claim under the Plan.  Bankruptcy Code §§ 506 and 553; Plan at ¶ 4.3, 1.15 and 1.31.

[3] Disclosure Statement for Joint Prepackaged Chapter 11 Plan of Reorganization of Tidewater Inc. and its Affiliated Debtors [Doc. No. 17] (the "Disclosure Statement").  The Disclosure Statement does describe the "Gulf Island Arbitration" but does not mention the LEEVAC Arbitration.  *Id.* at pp. 15-16.

1899507.1

against Tidewater, the escrow fund or otherwise in an appropriate court of competent jurisdiction.

## RELIEF REQUESTED

6. In order to confirm that understanding, LEEVAC requests that the Court include in the Conformation Order the following provision.

> Notwithstanding anything to the contrary contained in the Plan, other related documents, Confirmation Order, any other Order of the Bankruptcy Court, or otherwise, nothing therein shall affect the claims, counterclaims, rights, claims of setoff or recoupment, claim to escrow funds, causes of action, defenses and remedies of any nature whatsoever, of LEEVAC Shipyards Jennings LLC ("LEEVAC"), including, without limitation, all rights in respect of legal and equitable claims and defenses, setoffs, recoupments or payments, against the Debtors or the Reorganized Debtors, or any of them, and nothing in the Plan, other related documents, Confirmation Order, any other Order of the Bankruptcy Court, or otherwise, shall affect in any way the arbitration pending in New Orleans, Louisiana under the Rules of the Houston Maritime Arbitrators Association captioned *Tidewater Marine, LLC v. LEEVAC Shipyards Jennings, LLC* and the claims, counterclaims, rights, claims of setoff or recoupment, claim to escrow funds, causes of action, defenses, and remedies of LEEVAC in that arbitration, and in connection therewith, including all rights under applicable law to enforce any arbitration award rendered in favor of LEEVAC.

7. To the extent that LEEVAC's understanding is incorrect, or should the provision set forth in the immediately preceding paragraph not be included in the Confirmation Order, then LEEVAC objects to the provisions of the Plan that interfere, contradict or otherwise affect in any way the claims, counterclaims, rights, claims of setoff and recoupment, claim to escrow fund, causes of action, defenses and remedies of any nature whatsoever of LEEVAC in the LEEVAC Arbitration and the rights to enforce under applicable law any award rendered therein to

LEEVAC against the Debtors, the Reorganized Debtors, the escrow funds or otherwise, including, without limitation, the Plan provisions specified in paragraph 2 above.

8. Furthermore, LEEVAC objects and does not consent to the releases provided for in § 10.6 of the Plan.

9. All of the provisions of the Plan specified in paragraph 2 above and the releases are inconsistent with § 1124 of the Bankruptcy Code and the alleged Unimpaired nature of treatment provided for under §§ 4.2 and 4.4 of the Plan, rendering the Plan unconfirmable under § 1129(a)(1) of the Bankruptcy Code.

10. Therefore, unless both (a) the reservation language specified in paragraph 6 above is included in the Confirmation Order and (b) LEEVAC's objection to the releases is sustained, the Plan may not be confirmed because it fails to comply with §§ 1124 and 1129(a)(1) of the Bankruptcy Code.

**WHEREFORE**, for all of the foregoing reasons, LEEVAC Shipyards Jennings, LLC respectfully requests this Honorable Court: (a) to include in the Confirmation Order the provision set forth in paragraph 6 above or, alternatively, to deny confirmation of the Plan; (b) to sustain LEEVAC's objection to the releases in § 10.6 of the Plan; and (c) to grant to LEEVAC such other and additional relief to which it may be entitled in the premises.

Dated: June 22, 2017  
Wilmington, DE

Respectfully submitted,

REED SMITH LLP

By: */s/ Emily K. Devan*  
Kurt F. Gwynne (No. 3951)  
Emily K. Devan (No. 6104)  
1201 Market Street, Suite 1500  
Wilmington, DE 19801  
Phone: (302) 778-7500  
Facsimile: (302) 778-7575  
kgwynne@reedsmith.com  
edevan@reedsmith.com

1899507.1

-and-

Richard A. Aguilar (La. Bar No. 17439)
Rudy J. Cerone (La. Bar No. 14137)
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Phone: (504) 596-2884
Facsimile: (504) 910-8371
raguilar@mcglinchey.com
rcerone@mcglinchey.com

Counsel to LEEVAC Shipyards Jennings, LLC