IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TIDEWATER INC., *et al.*, | ) Case No. 17-11132 (BLS) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## THE OFFICIAL EQUITY COMMITTEE'S
## EMERGENCY MOTION FOR A FURTHER ADJOURNMENT OF
## THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING

The Official Committee of Equity Security Holders of Tidewater Inc. (the "Equity Committee") hereby seeks an additional adjournment of the Disclosure Statement and Plan Confirmation Hearing to the last week of July.[2] In support of its Motion, the Equity Committee respectfully states as follows:

### PRELIMINARY STATEMENT

1.  The Equity Committee seeks a further extension of the Hearing to the last week of July, recognizing that any extension beyond July 31, 2017 would trip the RSA milestone. The Equity Committee does not make this request lightly – having just been before this Court one week ago and being cognizant of the Court's busy docket, but given the task at hand – even in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Tidewater Inc. (7776), Tidewater Marine Western, Inc. (1064), Tidewater Corporate Services, L.L.C. (7776), Tidewater Marine, L.L.C. (7779), Cajun Acquisitions, LLC (2365), Gulf Fleet Supply Vessels, L.L.C. (2194), Hilliard Oil & Gas, Inc. (4727), Java Boat Corporation (0278), Pan Marine International Dutch Holdings, L.L.C., Point Marine, L.L.C. (9586), Quality Shipyards, L.L.C. (2335), S.O.P., Inc. (3464), Tidewater Marine Alaska, Inc. (7549), Tidewater Marine International Dutch Holdings, L.L.C. (2289), Tidewater Marine Sakhalin, L.L.C. (7779), Tidewater Mexico Holding, L.L.C. (8248), Tidewater Venture, Inc. (7694), Twenty Grand (Brazil), L.L.C. (7730), Twenty Grand Marine Service, L.L.C. (7730), Zapata Gulf Marine, L.L.C. (5513), Tidewater GOM, Inc. (2799), Tidewater Subsea, L.L.C. (2022), Tidewater Subsea ROV, L.L.C. (3832), Tidewater Marine Fleet, L.L.C., Tidewater Marine Hulls, L.L.C., Tidewater Marine Ships, L.L.C., and Tidewater Marine Vessels, L.L.C. The Debtors' principal offices are located at 601 Poydras Street, Suite 1500, New Orleans, Louisiana 70130.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Joint Prepackaged Chapter 11 Plan of Reorganization* (the "Plan") [Docket No. 16].

665359.1 06/30/2017

the bankruptcy world of tight start to finish timelines for trials – there is just not enough time. On that score, the request is necessary because the Equity Committee does not have sufficient time to challenge confirmation on the current schedule.

2. Since last before this Court, the Equity Committee immediately interviewed and selected a financial advisor, commenced its diligence by getting data room access, conducted calls with the Debtors' management and advisors and conducted a call with counsel that represented the board of directors in Plan negotiations. Given the current timeline, the Equity Committee's advisors have worked around the clock ("drinking from the firehose" as some might say) and have concluded that there are grounds to challenge the Debtors' valuation and that equity should do better than its treatment under the Plan.

3. To be prepared for a contested confirmation hearing on valuation – after a week's worth of intensive diligence – requires more than the current schedule permits.[3] A contested valuation hearing requires a lot more work: fact discovery; fact depositions; expert reports; expert depositions; rebuttal expert reports; briefing; and trial preparation.

4. After completing its intensive diligence, and reaching its initial conclusion, the Equity Committee now has twelve days after today to get ready for trial – and four of those days are weekend days and one or two of those days are holidays. Even in the world of bankruptcy, that is just not realistic or consistent with due process.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Motion under 28 U.S.C. §§ 157 and 1334.

---

[3] The Equity Committee made the point at the last hearing that it may have to ask for more time after diligence. Having heard the arguments, the Court set the Hearing for July 17 after noting that the *two week* extension suggested by the Debtors' was not enough. However, given the scheduling conflict of the Debtors (July 17 would not work) and this Court (having initially advised the parties that July 14 was available, but then realizing that it was not), the hearing was set for July 13 (this eliminating 4 days from the schedule - a *two weeks and one day* extension).

665359.1 06/30/2017

6. The statutory predicate for the relief requested herein is Bankruptcy Code Section 105.

## BACKGROUND

7. On May 17, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

8. On the Petition Date, the Debtors filed the Plan, which incorporates the terms and conditions of the pre-petition RSA. The RSA includes a case milestone that the Debtors obtain a Confirmation Order by July 31, 2017. See RSA § 6(c).

9. On June 20, 2017, the United States Trustee appointed the Equity Committee. See *Notice of Appointment of Committee of Equity Security Holders* [Docket No. 242].

10. On June 22, 2017, the Equity Committee joined a request to adjourn the Disclosure Statement and Plan Confirmation Hearing. See *The Official Equity Committee's: (1) Adoption of The Ad Hoc Equity Committee's Request for Adjournment; (2) Reply to Objections to the Request for Adjournment; and (3) Statement Regarding the Disclosure Statement and Plan Confirmation Hearing* [Docket No. 268] (the "Request for Adjournment").

11. On June 23, 2017, the Court granted the Equity Committee's Request for Adjournment, recognizing that the Court's "goal is to give both committees a meaningful opportunity in the tight time period." See *Transcript regarding Hearing Held 6/23/2017* at 51:23-25. The Court adjourned the Disclosure Statement and Plan Confirmation hearing to July 17, 2017. However, due to availability issues the hearing was scheduled for July 13, 2017. See *Order (I) Adjourning Combined Hearing On (A) Adequacy Of Disclosure Statement And*

*Solicitation Procedures And (B) Confirmation Of Prepackaged Plan And (II) Granting Certain Related Relief* [Docket No. 291].

12. On June 24, 2017, the Equity Committee retained Miller Buckfire as financial advisor, who promptly issued a diligence request to the Debtors.

13. On June 28, 2017, the Equity Committee received access to the Debtors' data room.

## RELIEF REQUESTED

14. By this Motion, the Equity Committee respectfully requests that this Court enter an Order, under Bankruptcy Code Section 105(a) and Bankruptcy Rule 9006(b), adjourning the Disclosure Statement and Plan Confirmation Hearing to the end of July.

## BASIS FOR RELIEF REQUESTED

15. The Equity Committee has worked tirelessly since its appointment to hire a financial advisor, request documents from the Debtors, and analyze the data provided as expeditiously as possible. However, in the week since the hearing, and the four full business days Miller Buckfire has been to work, consistent with Equity Committee's argument and proposed timeline suggested at the last hearing, it is apparent that it is not possible to properly prepare for a contested confirmation hearing on July 13, 2017.

16. Bankruptcy Code Section 105(a) grants broad authority and discretion for this Court to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. Specifically, Bankruptcy Code Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any

4

determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

17. Furthermore, Bankruptcy Rule 9006(b) gives this Court broad discretion to enlarge for "cause" the time period in which actions may be taken under the Bankruptcy Code, the Bankruptcy Rules and Orders of this Court.

18. The Equity Committee was appointed on June 20, 1917, ten days ago, and since that time, it has been working diligently. The Equity Committee retained Miller Buckfire as financial advisor on June 24, 2017. However, the Equity Committee is still waiting on responses to approximately half of its diligence requests and the Equity Committee received access to the Debtors' data room only two days ago.

19. As the Court recognized at the initial hearing on June 23, 2017, a two week adjustment was not sufficient. See *Transcript regarding Hearing Held 6/23/2017* at 45:7-17. After the confirmation hearing slid back from July 17 to July 13, the Equity Committee has been left with an adjournment of two weeks and one day – four of those days are weekend days and two are holidays. The Equity Committee is working around the clock to complete its tasks but there are simply not enough hours in the day to appropriately prepare for a contested valuation hearing on July 13.

20. Among other things, the Equity Committee must: (i) complete fact discovery; (ii) depose fact witnesses; (iii) draft an expert report and rebuttal report; (iv) conduct expert depositions; (v) draft an objection to the Plan; and (vi) prepare for a contested valuation trial.

21. To do this in seven business days is daunting and the Equity Committee respectfully submits, not realistic. It needs more time. In turn, the Equity Committee acknowledges the July 31st RSA milestone and its importance to other stakeholders.

Accordingly, this request seeks an extension to the end of July to provide a fair playing field and maintain the RSA schedule.

## CONCLUSION

WHEREFORE, the Equity Committee respectfully requests that the Court grant the Motion and continue the Disclosure Statement and Plan Confirmation Hearing until late in the week of July 24, 2017 to enable the Equity Committee to fulfill its statutory and fiduciary obligations.

665359.1 06/30/2017

Dated: June 30, 2017
Wilmington, Delaware

**SAUL EWING LLP**

_[signature]_

Mark Minuti (DE Bar No. 2695)
1201 North Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6840
Facsimile: (302) 421-5873
mminuti@saul.com

-and-

Sharon L. Levine
1037 Raymond Boulevard, Suite 1520
Newark, NJ 07102
Telephone: (973) 286-6718
Facsimile: (937) 287-6821
slevine@saul.com

-AND-

**BROWN RUDNICK LLP**
Steven D. Pohl
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8594
Facsimile: (617) 289-0433
spohl@brownrudnick.com

-and-

Howard S. Steel
Seven Times Square, 47th Floor
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

*Proposed Counsel to the Equity Committee*